IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAYNE E. IRVIN, | No. C 16-1976 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE; DENYING MOTION FOR STAY** |
| v. | |
| STATE OF CALIFORNIA, | (Dkt. No. 1) |
| Respondent. | |

# INTRODUCTION

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging his state court conviction. He has paid the filing fee. He has also filed a motion for a stay and abeyance. For the reasons discussed below, the motion is denied, but respondent is ordered to show cause why the petition should not be granted.

# STATEMENT

In 1998, petitioner was convicted in Humboldt County Superior Court and sentenced to a term of 23 years in state prison. His appeals to the California Court of Appeals and the California Supreme Court were denied. He has filed a number of habeas petitions in all three levels of the state courts, and all of the petitions were denied.

# ANALYSIS

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ

of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

Petitioner claims: (1) that his sentence violates his right to due process because it is "illegal" under California law; (2) he received ineffective assistance of trial counsel; (3) he received ineffective assistance of appellate counsel; and (3) the prosecutor committed misconduct in violation of his right to due process. When liberally construed, these claim warrant a response.

Petitioner has also filed a motion for a stay and abeyance to allow him to exhaust his claims of ineffective assistance of counsel and "statutory violations of due process." It is not clear what is meant by the latter, but it presumably refers to his claim that his sentence violates due process because it is not authorized under certain statutes in the California Penal Code. In order to obtain a stay, petitioner is required to show that the unexhausted claims are potentially meritorious and to show cause for his failure to exhaust his claims in the state courts *before* he filed the instant federal petition. *See Rhines v. Webber* 544 U.S. 269, 278-79 (2005). He has not explained why he did not exhaust his claims prior to filing the instant petition, let alone shown cause therefor. Accordingly, he is not entitled to a stay at this time. Petitioner may renew his motion for a stay within 28 days of the date this order is filed provided that in doing so he shows good cause for not rasing his claims in the state courts before filing the instant petition.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty-three (63) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state prison disciplinary proceedings that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **twenty-eight days** of the date the answer is filed.

3. Respondent may file, within **sixty-three (63) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. The motion for a stay is **DENIED** without prejudice to filing another such motion within 28 days of the date this order is filed in which he makes the good cause showing required by *Rhines*.

**IT IS SO ORDERED.**

Dated: July   14  , 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3