IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAYNE E. IRVIN, | No. C 16-1976 WHA (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| STATE OF CALIFORNIA, | (Dkt. No. 15) |
| Respondent. | |

## INTRODUCTION

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging his state court conviction. Respondent has filed a motion to dismiss the petition as untimely. Petitioner filed an opposition. Respondent was ordered to file a reply brief but did not do so. After careful consideration of the record and for the reasons discussed below, the motion to dismiss is **GRANTED** and the case is **DISMISSED**.

## STATEMENT

In 1998, petitioner was convicted in Humboldt County Superior Court and sentenced to a term of 23 years to life in state prison. The California Court of Appeal affirmed the judgment on February 23, 1999. On May 12, 1999, the California Supreme Court denied the petition for review. Petitioner indicates that he filed habeas petitions in the state superior courts in 2005, 2007, 2014 (Pet. 3). He filed habeas petitions in the California Court of Appeal on December 2, 2003, October 2, 2007, April 10, 2008, and January 5, 2015, the first of which was partially granted on February 11, 2004, and the rest were denied on March 18, 2008, August 11, 2008, and January 15, 2015, respectively; he also filed habeas petitions in the California Supreme

1  Court on November 20, 2007, May 14, 2008, and May 7, 2015, and they were denied on May
2  14, 2008, October 16, 2008, and July 29, 2015, respectively (Resp. Exhs. B - E). Petitioner
3  filed the instant petition on June 27, 2016.

**ANALYSIS**

I.  MOTION TO DISMISS

The statute of limitations is codified at 28 U.S.C. 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. 2244(d)(2).

Petitioner's judgment became final under Section 2244(d)(1)(A) 90 days after the California Supreme Court his petition for direct review because that is when the time for filing a petition for a writ of certiorari in the United States Supreme Court expired. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). The California Supreme Court denied the petition for review on May 12, 1999, and therefore the limitations period began to run on August 10, 1999, and expired one year later on August 10, 2000. The instant petition was filed nearly 16 years later — in June 2016. Under Section 2244(d)(1)(A), the petition is untimely absent tolling.

Petitioner argues in his opposition that his claims of ineffective assistance of counsel "were timely filed as new evidence pursuant to (Frye & Cooper) on August 19, 2014" (ECF No. 16 at 2). It is not altogether clear what he means. August 19, 2014, is the date he filed a habeas petition in the Humboldt County Superior Court (ECF No. 11 at 30). He submitted a

1  declaration — which would appear from its date of May 2014 to have accompanied that petition
2  — stating that the petition was prompted by his recent discovery of the Supreme Court
3  decisions in *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (discussing prejudice and remedy
4  where counsel was ineffective in erroneously advising petitioner to reject plea offer), and
5  *Missouri v. Frye*, 132 S. Ct. 1399, 1410 (2012) (finding counsel performs deficiently when
6  failing to communicate a plea offer) (ECF No. 11-1 at 6). It would appear, therefore, that
7  petitioner means to argue here that the instant federal petition is timely because his ineffective
8  assistance of counsel claim is based upon *Lafler* and *Frye*, which he did not discover until 2014.
9  If this is his argument, it fails.

10  Under 28 U.S.C 2244(d)(1)(C), the commencement of AEDPA's limitations period may
11  be delayed until "the constitutional right asserted was recognized by the Supreme Court, if the
12  right was newly recognized by the Supreme Court and made retroactive to cases on collateral
13  review; his ineffective assistance of counsel claim." The constitutional right asserted in
14  petitioner's ineffective assistance of counsel claims was recognized and applied to habeas cases
15  in 1984 in *Strickland v. Washington*, 466 U.S. 668, 686 (1984). *Lafler* and *Frye* did not newly
16  recognize such a right and apply it retroactively to cases on collateral review. Rather, those
17  decisions simply articulated how the right of *Strickland* is analyzed when counsel rejects or
18  does not communicate a plea offer. While *Lafler* and *Frye* may have supported petitioner's
19  complaints about how his counsel handled plea negotiations — which are among other
20  complaints he has about counsel — but they did not newly recognize his right to have counsel
21  effectively handle such negotiations. Consequently, Section 2244(d)(1)(C) did not delay the
22  commencement of the limitations period on petitioner's ineffective assistance of counsel claims
23  or render the instant petition timely as to those claims.

24  It is conceivable that petitioner means to argue that his petition should be found timely
25  under Section 2244(d)(1)(D), under which the limitations period does not commence until the
26  "factual predicate of the claim could have been discovered through the exercise of due
27  diligence." Under this Section, the time begins "'when the prisoner knows (or through diligence
28  could discover) the important facts, not when the prisoner recognizes their legal significance.'"

3

1    *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000).  Therefore, petitioner's discovery of
2    the legal authority for his claims in 2014 does not delay the commencement of the limitations
3    period under Section 2244(d)(1)(D).  It is also worth noting that the factual predicate of his
4    ineffective assistance of counsel claims was discoverable much more than a year before the
5    instant petition was filed.  Petitioner claims counsel was ineffective in many ways.  He argues
6    that counsel did not advise him to accept a plea offer of eight years, did not interview him to
7    determine his trial testimony and exposure, did not advise him of the elements of or potential
8    sentence arising from the charges, and failed to convey petitioner's counter-offer to the
9    prosecutor (ECF No. 11 at 10-11, 39-41, 51-59, 78, 80-84).  Petitioner also claims that defense
10   counsel failed to determine that his prior conviction could not be used as an enhancement, failed
11   to clarify on cross-examination that he only threatened the victim once and that she had had
12   other sexual partners, "colluded" with the prosecutor, and did not seek a continuance before
13   trial (*id.* at 10-13; ECF No. 11-1 at 29, 36-37).  These alleged errors and omissions took place in
14   petitioner's presence before or during trial, with the exception of counsel's failure to convey the
15   counter-offer — which petitioner learned about during trial (ECF No.1 at 52, 83) — and
16   counsel's collusion with the prosecutor — which petitioner learned about at the state court
17   evidentiary hearing in April 2005.  With the exercise of due diligence, petitioner could have
18   discovered the factual predicate for his claims either during or before trial, or at the latest at the
19   2005 evidentiary hearing in state court.  Therefore, the commencement of the limitations period
20   is not delayed under Section 2244(d)(1)(B) on petitioner's ineffective assistance of counsel
21   claims, except as to the claim of collusion, for which the limitations period would have begun in
22   April 2005 and expired in April 2006.  Petitioner would still need over 10 years of tolling for
23   the instant petition to be timely on that claim.

24          Tolling of the limitations period is provided for the time during which a properly filed
25   application for state post-conviction or other collateral review is pending in state court.  28
26   U.S.C. 2244(d)(2).  However, there is no tolling under this provision for state petitions filed
27   after the limitations period has already run.  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.
28   2003).  Petitioner's first state habeas petition was filed in 2003, approximately three years after

4

the limitations period had expired in 2000, and therefore there is no tolling under this section. Even if the limitations period began in 2005 for the ineffective assistance of counsel claims that were discovered at the evidentiary hearing in state court — such as the collusion claim discussed above — the one-year period would have nonetheless expired during the approximately five-year gap in state habeas petitions between 2008 and 2014. *See also Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (under *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002), tolling during gap between California habeas petitions only "in the absence of undue delay"); *Delhomme v. Ramirez*, 340 F.3d 817, 821 (9th Cir. 2003) (no gap tolling between completion one round of state habeas review and commencement of another round). Consequently, the instant petition is not rendered timely by any tolling under Section 2244(d)(2).

Petitioner does not argue that he is entitled to equitable tolling. Instead, he argues that finding the instant petition untimely would be a "miscarriage of justice" because his sentence is "illegal" under California law (Opp. 2). A federal court may reach the merits of claims that are untimely under AEDPA if there is "cause and prejudice" for the untimeliness or if failure to hear the claims would constitute a "miscarriage of justice." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). Petitioner does not argue cause and prejudice (Opp. 2-3). The Supreme Court limits the "miscarriage of justice" exception to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. *Id.* at 321. Petitioner cites no authority, nor does there appear to be any, that a miscarriage of justice occurs when a state prisoner's sentence violates that state's laws. Indeed, it would be difficult to find a defendant "innocent" of a sentence. In any event, petitioner challenges his sentence on legal and not factual grounds (Opp. 2-3; Pet. 6-8). Legal innocence — even if correct — is not a miscarriage of justice that precludes AEDPA's time bar, which requires a showing of factual innocence based upon new evidence. Accordingly, petitioner's argument that his petition is timely due to a miscarriage

5

of justice fails.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition as untimely is **GRANTED** and the petition is **DISMISSED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that a reasonable jurist would find the dismissal of his petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March   7  , 2017.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE